In re MICHAEL C. et al.

No. 2001–47–M.P.

Supreme Court of Rhode Island.

Oct. 26, 2001.

George J. West, Providence, for Plaintiff.

Frank P. Iacono, Jr./Thomas J. Corrigan, Jr., Providence, for Defendant.

Present WILLIAMS, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

In this petition for certiorari, Jane C. (the mother) seeks review of a Family Court decree terminating her parental rights to her children, Michael, born January 18, 1986, and Deborah, born September 23, 1987. This case came before the Court for oral argument on September 24, 2001, pursuant to an order that directed the parties to appear in order to show cause why the issues raised in this petition for certiorari should not be summarily decided. After hearing the arguments of counsel and examining the memoranda of the parties, we are of the opinion that cause has not been shown and that the issues raised by this petition for certiorari should be decided at this time. The facts pertinent to this petition for certiorari are as follows.

In 1991, the Department of Children, Youth and Families (DCYF) became re-involved with this family.[1] The children

---

1. Though in no way influential to our decision, DCYF earlier was involved with the mother and two other children, Josephine and Frederick, resulting in the termination of her

were observed wearing heavy winter clothes on a hot July day. In October 1992, after the mother failed to take advantage of a number of available and provided services, the children were removed from her house. By 1994, attempts to resolve the mother's problems failed and DCYF filed termination of parental rights (TPR) petitions.

On May 7, 1996, a justice of the Family Court terminated the mother's parental rights pursuant to G.L.1956 § 15-7-7. However, no final decree was signed until March 13, 1998, a fact not discovered until an adoption petition was pending. The mother filed a notice of appeal, which was dismissed for failure to transmit the record pursuant to Rule 11 of the Supreme Court Rules of Appellate Procedure. The mother requested that we review the TPR via writ of certiorari. This Court granted the mother's petition for a writ of certiorari on April 17, 2001.

The mother argues that the trial justice overlooked or misconceived material evidence. We disagree.

■ In reviewing a ruling of the Family Court that terminates parental rights, "we are required to examine the record to determine whether the findings of the trial justice are supported by legal and competent evidence." *In re Antonio G.*, 657 A.2d 1052, 1057 (R.I.1995). Furthermore, "the findings of a trial justice sitting without a jury are entitled to great weight and will not be disturbed by this Court on appeal unless they are clearly wrong or unless the trial justice misconceived or overlooked material evidence." *In re Micaela C.*, 769 A.2d 600, 605 (R.I. 2001) (citing *In re Kristen B.*, 558 A.2d 200, 204 (R.I.1989)).

■ In the instant case, we cannot say that the trial justice, who heard testimony for several days, was wrong in granting the termination petitions. The record is replete with evidence that the mother was an unfit parent to Michael and Deborah. Further, it is clear the trial justice carefully considered the best interests of the children in making her decision.

■ The mother argues that DCYF did not make reasonable efforts to achieve reunification between the mother and her children. "Reasonable efforts" is a term that must be defined based on "the particular facts and circumstances of each case." *In re Kristen B.*, 558 A.2d at 203. However, we find the factors listed in *In re Antonio G.* helpful in our determination. There, we held that an agency must demonstrate by clear and convincing evidence that, along with other factors, its officials consulted and cooperated with the parent in developing appropriate services for both the parent and the children and the agency provided services or assistance to the parent that would resolve problems that would otherwise prevent reunification between the parent and the children. *See In re Antonio G.*, 657 A.2d at 1058 (citing *In re Nicole G.*, 577 A.2d 248, 249 (R.I.1990)).

In this case, the record contains numerous instances of referrals and services provided by DCYF. The mother signed multiple case plans both before and after the children were removed from the house, but she did not comply with any of them. She was referred for parental aid and parent education. The mother also terminated in-home parental aid. She was referred to the Providence Center and the Kent County Mental Health Center Reunification Program but was not accepted by either program because she would not accept any responsibility for her children being removed from her house. There is no doubt

parental rights to those two children. *See In re Frederick C.*, 546 A.2d 160, 160 (R.I.1988).

that DCYF provided the mother with the necessary tools to craft a workable parent-child relationship.

The aforementioned reasons show a strong attempt by DCYF to ameliorate the conditions that necessitated removal of the children from the mother's house. These facts are separate and apart from the evidence the trial justice relied upon in determining that "while the children had been living with their mother they had been very badly and horribly sexually abused and physically abused." The court appropriately found the mother unfit.

The mother has presented this Court with no evidence that the trial justice overlooked or misconceived material evidence.

For the aforementioned reasons, the mother's petition for certiorari is denied. The writ previously issued is quashed. The judgments of the Family Court are affirmed and the papers of the case may be returned to the Family Court with our decision endorsed thereon.